HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTERFER FRICK,<br><br>Defendant. | Case No. CR21-110 RAJ<br><br>**ORDER ON DEFENDANT'S MOTION FOR REVIEW OF DETENTION ORDER** |

## I.  INTRODUCTION

This matter comes before the Court upon Defendant Christerfer Frick's motion seeking review of the Order of Detention entered on July 20, 2021 by Magistrate Judge S. Kate Vaughan pursuant to 18 U.S.C. § 3145(b).  Dkt. 23.  The Government opposes the relief sought by the Defendant. Dkt. 24.  Having thoroughly considered the parties' submissions and the relevant record, the court finds oral argument unnecessary and hereby **DENIES** the Defendant's motion.

ORDER – 1

## II.  BACKGROUND

The Defendant pled guilty to Conspiracy to Distribute Controlled Substances and Counterfeiting in violation of Title 21 U.S.C. §§ 841(a)(1); 841(b)(1)(B); and Title 18 U.S.C. § 472 and was sentenced by Judge Robert S. Lasnik on January 9, 2013 to 108 months of custody and five years of supervised release.  U.S. Probation Memorandum dated May 18, 2021 at 1.  His term of supervision commenced on December 26, 2019. *Id.*

On May 18, 2021, the U.S. Probation filed a Petition for Warrant or Summons for the following violations of the Defendant's conditions of supervised release:

1.      Failing to notify the probation office at least ten days prior to a change of residence, on or about March 29, 2021.

2.      Frequenting a place where controlled substances are illegally sold, used, distributed, or administered, on or about May 17, 2021; and,

3.      Associating with persons engaged in criminal activity on or about May 17, 2021.  Dkt. 1515.

On June 9, 2021, based upon facts stemming from Violations 2 and 3  above, a criminal Complaint was filed charging the Defendant with one count of Possession of Controlled Substances with intent to Distribute in violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(A). CR21-110, Dkt. 1. With the filing of the Complaint, the evidentiary hearing for the three violations was stricken.  Dkt. 1522.

ORDER – 2

On June 10, 2021, the Defendant appeared on the complaint and Magistrate Judge S. Kate Vaughan ordered him detained.  Specifically, she found that he posed a risk of flight and to be a danger to the community.  CR21-110, Dkt. 9.

On June 23, 2021, the Grand Jury returned an Indictment alleging the same charges as noted in the Complaint.

On June 29, 2021, the Defendant filed a motion to reopen his detention hearing based upon his representation that he had new information regarding employment, medical conditions and community support that was not available at the time of the original hearing. Dkt. 1523.  A hearing on the Defendant's Motion to Reopen the Detention was held on July 20, 2021.  After hearing argument from the parties Magistrate Judge Vaughan denied the motion and again ordered the Defendant be detained.  Dkt. 1531.

The Defendant now seeks review of the prior detention order.

### III.   DISCUSSION

**A.      Legal Standard for Review**

The standard of review of a Magistrate Judge's detention orders is not articulated in 18 U.S.C. § 3145(b).  Rather, as enunciated in *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990), this Court has jurisdiction to review de novo such orders.

Considering the important constitutional component of this motion, this Court undertakes its responsibilities and makes this independent determination of the merits of the Defendant's petition. The Bail Reform Act of 1984 permits the pre-trial detention of a Defendant without bail where it is demonstrated either that there is a risk of flight or no

ORDER – 3

1
2
3
4
5
6

assurance that release is consistent with the safety of another person or the community. In determining these considerations, the Court considers the factors outlined in 18 U.S.C. § 3142(g) which include the Defendant's history and characteristics, his criminal history, the nature and circumstances of the charges, and the least important factor, the weight of the evidence. *United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1986).

7
8
9
10
11
12
13
14
15
16

The controlling standards this Court will apply are pursuant to the Bail Reform Act which provides that a court should detain a Defendant pending trial if "no condition or combination of conditions…will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f).  The burden of showing that a Defendant poses a danger to the community must be made by the Government by clear and convincing evidence.  And, the Government bears the burden of showing that a Defendant poses a flight risk by a preponderance of the evidence.  *United States v. Gero,* 948 F.2d 1118, 1120 (9the Cir. 1991).

17

**B.     Findings**

18
19
20
21
22
23
24
25
26
27

The Court finds that the nature and circumstances of the offense charge warrant detention.  The evidence before this Court indicates that the United States Postal Inspection (USPS) and the Federal Bureau of Investigation were conducting an investigation of packages being shipped via the U.S. Postal service which when seized were found to contain illegal drugs.  These illegal drugs included pills containing fentanyl, as well as the powdered form of heroin and fentanyl.  The evidence before the Court indicates that on May 17, 2021, agents executed a warrant at the Defendant's residence and recovered approximately 941 grams of heroin, 1241 grams of fentanyl and

28

ORDER – 4

545 grams of a mixture of a substance that contained both heroin and fentanyl. These drugs were located inside of an unlocked safe in the Defendant's garage. In addition, agents discovered packaging materials, a scale and USPS envelopes. Dkt. 1

The Defendant was arrested after this search and after waiving his *Miranda* rights admitted that he received drugs from an individual who works with a Mexican cartel. The Defendant's admissions include his statements of the expectations of his involvement in mailing the drugs, safeguarding the drugs, storing the drugs in a safe and the amount he was paid for his actions. Dkt. 1.

The Court recognizes the weight of the evidence factor is the least significant factor to be considered under the Bail Reform Act. However, when considering the nature and circumstances of the charged offense combined with the weight of evidence proffered by the Government, along with the admissions made by the Defendant, detention is warranted.

The Court also notes that the Indictment charges the Defendant with possession of controlled substances with intent to distribute which carries a presumption of detention. 18 U.S.C. § 3142(e)(3)(E). *See also, United States v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008).

The Court next considers the Defendant's criminal history. The Defendant has an extensive criminal history dating back to 1992. As noted in the Presentence Report for CR12-062, when the Defendant was last sentenced by Judge Lasnik, he had a total of 22 criminal history points yielding a Criminal History Category of VI. This reflects 31 prior convictions including two prior federal felony convictions. This extensive history

ORDER – 5

includes 60 warrants that were issued for various violations and charges in prior criminal cases including the Defendant's failure to appear.  The Court further notes that the instant offense was committed while the Defendant was on federal supervision after being released from prison approximately one and a half years prior.

Based on this record, detention is warranted.

Having considered these factors, the Court turns to the existence of a rebuttable presumption that Defendant should be detained pending trial.  He has been charged by indictment which is sufficient to support a finding of probable cause, triggering the rebuttable presumption.  *United States v. Stricklin,* 932 F.2d 1353 (10th Cir. 1991).  Here the Controlled Substances Act charge against the Defendant qualifies under the Bail Reform Act for application of the presumption, i.e., an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. §801.

The Defendant has countered the Government's proffer and submissions with his statements, declarations and submissions regarding his employability, ability to assist in his defense, his medical condition, and contention that he is "much more mature, clean and sober, and more than willing to comply with any conditions the court would impose." Dkt. 23.

The Defendant's submissions including the noted exhibits (Dkt. 23, at 2) reference his recent behavior and recharacterize him as a changed person with justified circumstances warranting his release.  Based upon his proffered evidence, the Court concludes without hesitation that the Defendant's history is substantially more

ORDER – 6

compelling to justify detention.  His record clearly indicates that when given the chance,

he repeatedly continues to be involved in criminal activity and does not appear to have

demonstrated the ability to follow the directives of the Court if released.  Most

compelling is the fact that the Defendant was on federal supervision at the time the

instant offense was committed.

Moreover, the Defendant is a danger to the community because of his continued

involvement in the distribution of illegal and dangerous drugs at a high level and in large

amounts for the sake of considerable compensation.  The Defendant was not committed

to working as professed when he was engaged in the current drug operation.  The

Defendant's extensive criminal history reflects continued and persistent criminal

behavior which appears to be uninterrupted except for when he is incarcerated.  This

observation is affirmed by the fact that a significant number of his past convictions are

for felony offenses and include burglary, escape, drug possession, various theft offenses,

vehicle theft and forgery/fraud crimes.  The Court agrees with the Government that the

Defendant had family support and employment at the time he allegedly committed the

current crimes and yet, these factors were insufficient to prevent him from once again

being involved in the dangerous business of drug dealing with highly addictive and

deadly drugs.

The Court has considered the Defendant's statement of his medical condition.

While it is troubling as he describes his current health, the Court is not persuaded that the

Federal Detention Center is incapable of addressing his medical issues or providing the

necessary care and treatment for his condition.

ORDER – 7

The Defendant further expressed fear of an outbreak of the COVID-19 virus. First, he has the opportunity to seek a vaccination to mitigate his fear.  While no vaccine may be 100% effective, it substantially reduces the likelihood of him contracting the virus. Second, while concerns about contracting the virus are certainly understandable, general concerns about contracting the virus, do not meet the criteria to warrant his release.

Last, the Court has considered the Defendant's expression of his need to assist in his defense and the challenges he faces.  The Defendant fails to articulate any unique or specialized concerns apart from any other Defendant housed at the Federal Detention Center who desire to assist in their defense.  Certainly, on the record before this Court, the Defendant has failed to provide any persuasive evidence to justify his release solely to assist in his defense.

After considering the totality of the circumstances and record, the Court finds there is no persuasive evidence to rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant or mitigate the danger he presents if released.

## IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** the Defendant's motion.

Dated this the 15th day of September 2021.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 8