THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>CHRISTOPHER FRICK<br><br>                      Defendant. | NO. 2:21-cr-00110-RAJ<br><br>ORDER ON DEFENDANT'S<br>MOTIONS IN LIMINE |

THIS MATTER comes before the Court upon defendant Christopher Frick's Motions in Limine. Dkt. 46. Having considered the motions, the government's response, and the files and pleadings herein, the Court **GRANTS in PART** and **DENIES in PART** the defendant's motions.

The defendant seeks relief on five categories of evidence at his trial which is currently scheduled for September 26, 2022. For the most part, the government indicated it does not intend to seek the introduction of many of the challenged categories of evidence. The Court will separately address each of the defendant's motions.

      **1.**      **Admission of Criminal History of Informant.**

The defendant is uncertain if the government plans to call Geordan Edwards as a witness. If he does testify the defense wishes to cross-examine him regarding his alleged crimes of dishonesty. The government has indicated it has no intention of calling Geordan Edwards as a witness. If circumstances change, the government has agreed that it has no objection to the defense being allowed to cross-examine Mr. Edwards on the crimes as outlined in the defense motion.

The Court will hold the government to its word and the defendant is permitted to examine Mr. Edwards as requested if he is called as a witness to testify. The defendant's motion is thereby **GRANTED**.

 2. **Guidelines for Witnesses of Both Fact Testimony and Expert Opinions.**

The defendant seeks relief out of concern that the government will present dual role testimony from a case agent offering both expert and lay opinion evidence. The government has indicated it has no objection to Mr. Frick's proposal regarding dual role testimony. The government has further conceded that to the extent the government calls any dual role testimony witnesses, it would offer the Ninth Circuit Model Jury Instruction 3.15 which specifically addresses dual role testimony.

The Court will hold the government to its word. Should any witness offered by the government fit within the category of dual role testimony, the instruction as proposed and requested shall be given at the time the testimony is offered and again at the close of the evidence. The defendant's motion is thereby **GRANTED**.

 3. **Testimony Regarding the Dangerousness of Fentanyl.**

The defendant is charged with an offense involving fentanyl. The defendant seeks to prohibit the government from offering any testimony about the dangerousness of this substance. The defendant contends such evidence is not relevant to any of the charges or any element of the charges, has no probative value, and that such evidence is unfairly prejudicial pursuant to Fed. R. Evid. 403. The defendant does concede, however, that the government has the right to present evidence describing the form of the drug.

The government has responded that it has no plans to present in-depth testimony regarding the dangerousness of fentanyl, but proffers that some limited testimony regarding the dangerousness of the drug needs to be elicited.

The Court agrees for several reasons. First, such limited testimony is permissible to explain why the officers took the precautions they did during the investigation and to explain why the drugs will not be brought into the courtroom. Second, as acknowledged by the defendant, the dangers of fentanyl are common knowledge and well-known to the

1  public. And last, limited testimony regarding the dangerousness of fentanyl is relevant to
2  allow the jury to understand the case as a whole.  Limited testimony on this issue is
3  substantially more probative and will not result in unfair prejudice.
4        As noted, the Court will allow limited testimony for the reasons stated.  The
5  defendant is free to object at trial if it believes the government's offer exceeds tolerable
6  boundaries of what the Court is permitting.  The defendant's motion is thereby **DENIED**
7  **in part and GRANTED in part**.
8        **4.      Admissibility of the Defendant's Prior Felony Conviction.**
9        The defendant acknowledges that he has a prior felony conviction within the last
10 10 years.  His expressed motion appears to be out of concern the government will attempt
11 to offer evidence of this crime pursuant to Fed. R. Evid. 404(b)(2) and as of the filing
12 date of the motion had not filed notice of intent to do so pursuant to Fed. R. Evid.
13 404(b)(3)(A).  Until the government provides such notice, the defendant seeks
14 prohibition of the introduction of this crime.
15       The government has confirmed it does not intend to offer evidence of the
16 defendant's prior conviction under Fed. R. Evid. 404(b).  Rather, the government has
17 affirmed that if the defendant elects to testify, they will seek to impeach him with his
18 prior conviction pursuant to Fed. R. Evid. 609(a)(1)(B).  The defendant did not raise any
19 objection to the admissibility of the conviction under this rule or circumstances.
20       For these reasons, the defendant's motion is **GRANTED** regarding the 404(b)
21 issue with the understanding the government is entitled to impeach the defendant with his
22 prior conviction under Rule 609 should he elect to testify.
23       **5.      Suppression of Evidence Due to the Government's Tampering with**
24               **Evidence**.
25       The defendant is not seeking immediate relief with this motion.  Instead, he
26 represents that he anticipates the trial testimony will demonstrate that much of the
27 evidence was tampered with during the investigation.  He further contends that he will
28 bring this motion during trial as the testimony warrants but does not expect the Court to

ORDER ON DEFENDANT'S
MOTIONS IN LIMINE - 3

issue a pretrial ruling at this time.

The Court agrees with the government. The defendant fails to put forth any offer of proof to support his suspicions and is asking for a trial placeholder to raise this issue. The purpose of making a motion in limine is to obtain an evidentiary ruling in advance. The Latin term *in limine* means "at the threshold." The "threshold" is the beginning of trial. The defendant has had ample time to file his tampering suspicion in a motion to suppress and secure a ruling from the Court in advance of trial. To follow the defendant's approach creates the strong possibility of creating unnecessary delay, interruption of the trial, and wasted judicial resources. If the defendant has a tampering motion, he needs to file it.

For all of the foregoing reasons, the defendant's motions are **GRANTED in PART** and **DENIED in PART**.

DATED this 18th day of July, 2022.

*Richard A. Jones*

HON. RICHARD A. JONES
United States District Judge