Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>CHRISTERFER FRICK,<br><br>                    Defendant. | NO. 2:21-cr-00110-RAJ<br><br>ORDER ON DEFENDANT'S SECOND MOTION FOR REVIEW OF DETENTION ORDER |

## I. INTRODUCTION

This matter comes before the Court upon Defendant Christerfer Frick's second motion seeking review of the Order of Detention entered on July 20, 2021, by Magistrate Judge S. Kate Vaughan pursuant to 18 U.S.C. § 3145(b). Dkt. 67. The government opposes the relief sought by the defendant. Dkt. 69. The defendant responded with a reply (Dkt. 72), the government responded with a surreply (Dkt. 79), the defendant responded with a surreply (Dkt. 82), the defendant provided an updated response to the government's surreply (Dkt. 87), and the government responded to the defendant's second surreply (89). Having thoroughly considered the parties' submissions and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the defendant's motion.

## II.    BACKGROUND

This Court previously issued an order on the defendant's original motion for review of the Order of Detention entered on July 20, 2021. Dkt. 26. That Order outlined

the history of this case and prior ruling of the Court and will not be repeated again. The defendant's current motion is focused upon his medical issues, namely his dental problems and Crohn's Disease. He renews his prior motion and alleges that his medical conditions require release so he can be treated by medical providers outside the FDC SeaTac.

### III. DISCUSSION

In support of his motion, the defendant has provided updates of the treatment he has received at the FDC and his contentions that the treatment provided has been inadequate.

The defendant further contends that prejudice will result if his condition in not addressed before trial because his dental condition will impact his ability to participate in the trial and communicate if he testifies. The defendant further contends that his Crohn's Disease condition will necessitate his frequent visits to the restroom. The defendant included with his contention, medical records he believes demonstrates the absence of proper and reliable care. Dkts. 68, 73, and 83.

The government has provided this Court with supplemental medical records of the defendant. Dkt. 79. The government contends the records they supplied provide a more complete record of the treatment the defendant has received and will continue to receive.

Having reviewed the medical records provided by both parties, the Court concludes that Mr. Frick continues to receive appropriate medical treatment while at the FDC. The Court is not convinced with the record in existence that his medical issues cannot or will not be addressed while he is housed at the FDC.

The Court notes that it is undisputed that the government forwarded the defendant's motion to legal staff at FDC SeaTac who in turn alerted FDC medical staff to the defendant's claims of failed medical attention. As a result of this communication there is evidence before the Court that Mr. Frick was seen by a provider and steps were taken to adjust the medications provided to defendant to assist in managing his Crohn's Disease. Moreover, that same record indicates that medical tests and diagnostics will occur in the near future. It is also evidenced that the defendant has been scheduled for a

dental examination and that appropriate care will be provided thereafter. Dkt. 69. Under these facts, the Court is not persuaded that the defendant's medical issues will not be addressed at the FDC and his motion for release is denied.

## IV.  CONCLUSION

This Court has already found that the defendant is both a flight risk and a danger to the community. The defendant has failed to present any other compelling evidence to warrant a change in that determination. The affirmation of the prior ruling of this Court is appropriate now as it was before. Rather than repeat what has already been noted by the Court's prior order, the Court directs the parties to the reasoning provided for detention in that Order. Dkt. 26.

For all of the foregoing reasons, the defendant's motion is **DENIED**.

DATED this 17th day of August, 2022.

_____
The Honorable Richard A. Jones
United States District Judge