UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTERFER FRICK,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:21-cr-00110-RAJ<br><br>ORDER DENYING PRO SE MOTION FOR NEW COUNSEL |

　　　On August 11, 2022, the Court denied a motion filed by Defendant's counsel to substitute and appoint new counsel. Dkt. 90.  On August 17, 2022, Defendant filed a *pro se* motion for change of counsel claiming there is a breakdown in communication and his two appointed lawyers are ineffective.  This claim rests on Defendant's contention defense counsel failed to file a timely motion to suppress evidence based upon evidence tampering pretrial.

　　　Defendant's evidence tampering claim is articulated in a motion in limine counsel filed on February 10, 2022 which states:

> Mr. Frick anticipates that the trial testimony of the government's witnesses will demonstrate that much of the evidence was tampered with during the investigation. This includes evidence collected at Mr. Edward's residence and relied upon for the search warrant for Mr. Frick's residence, the presence of blue tape found at Mr. Frick's residence and the amount of drugs found in Mr. Frick's safe.

ORDER DENYING PRO SE MOTION FOR NEW
COUNSEL - 1

Dkt. 46 at 6. Defendant claims his two lawyers were ineffective for failing to timely move to suppress based upon this basis and he thus has lost all trust in counsel.

The record, however, belies Defendant's claim. In November 2021, defense counsel timely moved to suppress contending, among other things, that law enforcement used misleading evidence to bolster the search warrant for Defendant's residence. In specific, defense counsel challenged parcels found at Edwards's residence the government claimed came from Defendant on the grounds that photos "demonstrate modification or staging of the search." Dkt. 29 at 16. This challenge amounts to a claim the government tampered with the evidence in order to obtain a search warrant of Defendant's residence, and a claim that the Court rejected. The Court denied the motion as it agreed with the government that movement of the items found at Edwards's residence was irrelevant and immaterial to Defendant's connection to the drugs. Dkt. 45. Defendant subsequently filed *pro se* letters to the Court stating the Court was violating his rights by rejecting his lawyers' arguments and failing to suppress evidence based upon search warrant affidavits that contained lies and misrepresentations. Dkt. 65.

Defendant's other tampering arguments—presence of blue tape and amount of drugs in Defendant's safe—do not appear to be grounds to suppress through a pretrial motion, the fruits of the search. The Court has already denied Defendant's motion challenging the search warrant and seeking suppression of the evidence found at Defendant's home. Given this ruling the items found in this search may thus be evidence that is presented to the jury. Any dispute over the evidence such as the amount of drugs seized during the search, or what weight any piece of evidence has, such as "blue tape," will be weighed by the jury.

The record thus does not support Defendant's claim his lawyers are not communicating with him and are ineffective for failing to challenge the admissibility of evidence based upon

governmental tampering. Rather the record shows defense counsel sought to suppress all evidence of the search and in fact alleged the government had modified or staged items at Edwards's residence to improperly support its search warrant. Defense counsel has thus moved to suppress on the theory that the government "tampered" with evidence in order to obtain the warrant authorizing search of Defendant's residence.

Because the Court finds Defendant has failed to show that his lawyers are ineffective, Defendant's claim that he refuses to interact with his appointed counsel does not create an irreconcilable conflict under the Sixth Amendment. *See, e.g., Plumlee v. Masto*, 512 F.3d 1204, 1211 (9th Cir. 2008) (a breakdown based on the defendant's refusal to communicate with appointed counsel does not warrant substitution where "the defendant's refusal to cooperate demonstrates 'unreasonable contumacy' (Quoting *Brown v. Craven*, 424 F.2d 1166, 1169 (9th Cir. 1970)).

The Court accordingly **DENIES** the *pro se* motion for new counsel (Dkt. 91). The clerk shall provide a copy of the order to the parties.

DATED this 17th day of August, 2022.

The Honorable Richard A. Jones
United States District Judge