The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTERFER FRICK,<br><br>　　　　　　　Defendant. | NO.  2:21-cr-00110-RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Christerfer Frick's motion for compassionate release.  Dkt. 291.  Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **GRANTS** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Frick is an inmate currently detained at Federal Correctional Institution Terminal Island, with a projected release date of February 19, 2032.  On January 19, 2024, Mr. Frick entered a plea of guilty to one count of Possession of Controlled Substances with Intent to Distribute in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and one count of Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and 846.  Dkt. 220.  On April 12, 2024, this Court sentenced Mr. Frick to a term of imprisonment of 120 months, to be followed by five years of supervised release.  Dkt. 233.

ORDER - 1

Mr. Frick now moves for compassionate release, arguing that he presents extraordinary and compelling reasons for the Court to reduce his sentence to time served and allow him to immediately begin his five-year term of supervised release. Dkt. 291. The government opposes the motion. Dkt. 299.

## II. DISCUSSION

### A.    Legal Standard for Release or Reduction in Sentence Under § 3582(c)(1).

The criminal justice system relies on the finality of judgments. Once imposed, a sentence can be modified only in very limited circumstances. "With 18 U.S.C. 3582(c)(1)(A), Congress provided one such 'narrow' exception – usually called compassionate release – for when 'extraordinary and compelling reasons' warrant reducing a defendant's sentence." *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025) (citations omitted).

With the passage of the First Step Act in 2018, defendants are free to directly file their own motion with the Court – but only "provided he first exhausts administrative remedies within the BOP. *Id.* A defendant bears the burden of proving that exhaustion of administrative remedies. *United States v. Van Sickle*, 2020 WL 2219496 (WDWA 2020). The administrative exhaustion requirement is "a mandatory claims processing rule that must be enforced when properly invoked." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

Assuming a defendant exhausts their administrative remedies, a compassionate release is discretionary, provided three conditions are met. *Bryant*, 144 F.4th at 1123. "First, the district court must find 'extraordinary and compelling reasons' warrant a sentence reduction. Second, the reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.' Third, the district court must consider the sentencing factors in 18 U.S.C. 3553(a) – including the nature of the offense and the

ORDER - 2

defendant's characteristics – to determine 'whether the requested sentence reduction is warranted under the particular circumstances of the case.' The district court may deny defendant's motion if he fails to satisfy any of these conditions." *Id.*

In 2023, the Commission revised USSG § 1B1.13 to address the changes made by the First Step Act. Courts are now bound by the policy statement contained in that Guideline provision, which provides authoritative guidance on what qualifies as an "extraordinary and compelling" reason. *Bryant*, 144 F.4th at 144.

The policy statement directs that before reducing an otherwise final sentence, in addition to an "extraordinary and compelling reason" supporting the reduction, a court must find (1) that the defendant does not present a danger to others and the community, and (2) that the reduction be appropriate after considering the factors in 18 U.S.C. § 3553(a).

The notes state that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement," and "whether the defendant is a danger to the safety of any other person or to the community." USSG § 1B1.13 cmt. n.4.

The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

As amended, and the most relevant subsection upon which Mr. Frick's motion relies, the Sentencing Commission's policy statement provides that "extraordinary and compelling" reasons for a reduction in sentence exist under the following circumstances:

> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(C).

ORDER - 3

Mr. Frick's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."  As relevant to Mr. Frick's motion, the statute now provides:

> (c) Modification of an imposed term of imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case–
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the requested reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

ORDER - 4

The defendant seeking compassionate release has the burden of establishing grounds for such an extraordinary remedy. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *United States v. Grummer*, 519 F.Supp.3d 760, 762 (S.D.CA 2021). "[C]onclusory statements are insufficient to carry his burden of persuasion." *United States v. Newman*, 2024 WL 812041 (S.D.Ga 2024).

## B.     Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Frick's compassionate release motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Frick states he has exhausted his administrative remedies by submitting a request for compassionate release to the warden of his institution. Dkt. 291, Exhibit A. The evidence establishes that Mr. Frick sent a request for compassionate release to the warden of his facility, and the warden responded that he did not have the authority to release him, but advised Mr. Frick as follows:

> After reviewing your request, I urge you to ask your sentencing judge to grant the 30 months served on home incarceration, due to a medical necessity and not due to privilege. This along with the credited 1 year, 10 months, 30 days, served, under the current FSA would make you eligible for release to home confinement and or compassionate release. The court has the power to grant this. I do not. I do believe you deserve the time served due to the fact that home confinement was used as a medical necessity by the court so you could receive proper medical care, and not have to continue to suffer while in custody. Your current medical conditions require constant specialized care that most prison facilities can not fully provide.

Dkt. 291, Exhibit A.

Based upon the above, the Court finds Mr. Frick has exhausted his administrative remedies as required.

///

///

ORDER - 5

### C.    Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Frick's term of imprisonment.  *See* 18 U.S.C. § 582(c)(1)(A)(i); USSG § 1B1.13.

Mr. Frick argues that he has presented an extraordinary and compelling reason to grant his immediate release under U.S.S.G. § 1B1.13(b)(1)(C) of the Sentencing Commission's policy statement, in that he is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."  Specifically, Mr. Frick suffers from Crohn's disease, heart conditions, knee issues requiring joint replacement, a history of stroke, among other health conditions.  Mr. Frick indicates that since commencing his incarceration in May of 2025, his physical condition has seriously deteriorated, culminating in a stroke/heart attack on September 19, 2025, and subsequent treatment in the emergency department at Providence Hospital on November 2, 2025.  He is now also exhibiting symptoms of long COVID.  Dkt. 291.

Mr. Frick has submitted a declaration from Dr. Marc Stern, a prison medical expert, who has opined that FCI Terminal Island does not have adequate medical staff to give Mr. Frick the care he requires, that his serious and chronic medical conditions require long-term close monitoring and possible urgent or emergent care, and that Mr. Frick has not received such care during his incarceration.  Dr. Stern further indicates that without such care, Mr. Frick "is at risk of serious deterioration in health or death."  Dkt. 291, Exhibit F.

Mr. Frick submits that these issues are further complicated given the pending closure of FCI Terminal Island, necessitating Mr. Frick's transfer to another Bureau of Prisons facility.  This will likely involve multiple short-term custodial placements during the transfer process, and will create further risk of harm to Mr. Frick as he will be unable to carry his medication with him during these transfers.  Dkt. 291.

ORDER - 6

The government opposes Mr. Frick's motion, arguing that neither Mr. Frick's health circumstances nor his medical treatment rises to the level of "extraordinary and compelling" circumstances warranting his release.  Dkt. 299.  While the government acknowledges Mr. Frick has set forth the numerous health issues he faced while on pretrial release and concedes that some of them are serious and supported by the medical evidence, the government indicates that some are solely based on self-reporting by Mr. Frick and his counsel.  The government points to instances where Mr. Frick was not truthful with the Court in the past to argue that the Court should be circumspect about Mr. Frick's credibility and accepting his representations as to his medical conditions and criticisms of the care he is receiving while in custody.  Dkt. 299.

The government argues that Mr. Frick continues to pose a danger to the community, and is therefore ineligible for immediate release based on the § 3553(a) factors.  Dkt. 299.

The Court is well informed of Mr. Frick's medical history and conditions, given the lengthy procedural history of this matter.  The Court conducted several hearings where legal counsel and the Acting Health Services Administrator of Federal Detention Center SeaTac were present regarding that facility's ongoing inability to provide adequate medical care to Mr. Frick.  After hearing their testimony, the Court released Mr. Frick on a pretrial appearance bond, finding the Bureau of Prisons lacked the ability to provide adequate and necessary medical care.  For this same reason, the Court later extended Mr. Frick's sentencing hearing and self-surrender date based on his numerous and serious medical conditions, which were then being treated in the community.

Based on the totality of the evidence before it, the Court finds that the Bureau of Prisons continues to be unable to adequately provide the medical care and treatment needed by Mr. Frick, and that Mr. Frick has established an extraordinary and compelling reason to grant his immediate release.

///

///

ORDER - 7

### D. Safety of Others

The Court next turns to whether Mr. Frick presents a danger to the safety of any other person or to the community.  In making this determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. 18 U.S.C. §3142(g).  Mr. Frick's underlying criminal conduct was extremely serious and supported by substantial evidence.  The concern for Mr. Fricke being a danger to the community is mitigated by his performance during his lengthy term of pretrial supervision and while pending sentencing and his date for self-surrender.  While he did relapse in his use of methamphetamine, for over two years Mr. Frick complied with the conditions of his home confinement and did not commit any further crimes.

Upon release, Mr. Frick will have the support of his wife and children.  That he can be safely released is enhanced by the fact he will be subject to relatively lengthy period of home confinement.

### E. Other 18 U.S.C. § 3553(a) Factors

In determining whether to grant Mr. Frick's compassionate release, the Court must consider relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a). These factors include the need for the sentence imposed, the kinds of sentences available, promoting respect for the law, providing just punishment for the offense, avoiding unwarranted sentencing disparities, and providing medical care in the most efficient manner. 18 U.S.C. § 3553(a)(2)(B, C, D); 18 U.S.C. § 3582(c)(1)(A).

As discussed above, extraordinary and compelling reasons as defined by the applicable U.S. Sentencing Guidelines policy statement exist and support Mr. Frick's compassionate release. While he has served a relatively small percentage of his original sentence, he has demonstrated that extraordinary and compelling reasons exist due to his complex and ongoing health conditions which warrant his immediate release.

### III.  CONCLUSION

For the foregoing reasons, Defendant Christerfer Frick's motion for compassionate release is **GRANTED**.  The Court hereby **ORDERS** that Mr. Frick's term of imprisonment be reduced to time served.  The Court **ORDERS** the Bureau of Prisons to release Mr. Frick no later than 72 hours after entry of this order for placement according to a release plan approved by the United States Probation Office where he will be supervised.  Mr. Frick is **ORDERED** to contact the United States Probation Office within 12 hours of his release and follow its instructions.

The Court further **ORDERS** that as an additional condition of supervised release, Mr. Frick shall serve the first twelve months of his five-year term of supervised release on home confinement subject to the following conditions:

> The defendant shall participate in the location monitoring program with Active Global Positioning Satellite technology.  The defendant is restricted to his residence at all times except for employment and medical reasons, as coordinated with the location monitoring specialist.  The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist.

DATED this 16th day of March, 2026

_Richard A. Jones_

The Honorable Richard A. Jones
United States District Judge

ORDER - 9